**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE CZECH REPUBLIC ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| JAN KIC ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged embezzlement.

EVIDENCE SOUGHT:

The Czech authorities seek information from a company which resides in this District. Thus, the information the Czech authorities seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Czech Republic and hence the request comes well within those

circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: [signature]

David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 2 JUNE 08

**OFFICE OF DISTRICT ATTORNEY IN HAVLÍČKŮV BROD**
Štáflova 2003, 580 01 Havlíčkův Brod
Tel: 569 471 161, 569 429 129; Fax: 569 421 028; E-mail: podatelna@osz.hbr.justice.cz

1 ZN 1599/2007-12                                  In Havlíčkův Brod on 31 December, 2007

**Competent judicial body
for Pembroke Pines, FL
USA**

**Case: a suspect Ján Kič-criminal procedure, application for legal assistance in a criminal case in the United States of America**

Attachments: a copy of official record executed with Mr Ján Kič
a copy of official record executed with Mr Patrik Machnik
a copy of official record executed with Mr Stanley Zak MBA

With reference to the Treaty between the Czech Republic and the United States of America on Mutual Legal Assistance in Criminal Matters of 4 February 1998, I apply for legal assistance for criminal procedure conducted by the Police of the Czech Republic, District Headquarters, by the Criminal Police of Investigation in Havlíčkův Brod under the file ref. no. ORHB-1253/TČ-80-2007 against a suspect Mgr. Ján Kič, born on 14 August 1968, a Slovak citizen, permanent address in the Czech Republic, Prague 10, Dolní Měcholupy, Ke Dráze 422, for suspicion of committing a crime of embezzlement according to Section 248 paragraph 1,2 of the Criminal Code of the Czech Republic.

Provision of Section 248 of the Criminal Code of the Czech Republic:

**Embezzlement
Section 248**

(1) Every one who appropriates to his own use of property of another or other property value entrusted to his care and causes damage not insignificant to property of another shall be liable to imprisonment for a term not exceeding two years or prohibition to undertake professional activities or fine or confiscation of a thing or property.

(2) Imprisonment from six months to three years or financial punishment shall be imposed upon the perpetrator who causes damage not small by a crime as provided in clause 1.

(3) Imprisonment from two years to eight years shall be imposed upon the perpetrator who:

    a) commits a crime as provided in clause 1 as a person whom a special duty to defend the interests of an injured person is imposed on; or
    b) commits such a crime as a member of an organized group; or
    c) causes by such a crime significant damage or other extremely serious effect.

(4) Imprisonment from five years to twelve years shall be imposed upon the perpetrator who causes extremely serious damage by a crime as provided in clause 1.

Provision of Section 89 of the Criminal Code of the Czech Republic:

**Common provisions**
**Section 89**

(11) Under the term damage not insignificant we understand damage more than 5,000 CZK, damage not small means more than 25,000 CZK, a large scope of damage is more than 50,000 CZK, significant damage reaches the sum more than 500,000 CZK, and extremely serious damage means the sum more than 5,000,000 CZK. These sums are used accordingly for ascertainment of amount of benefit, costs eliminating consequences of damage to the environment, and value of thing or other property value.

Within the meaning of the provision Section 67 of Criminal Code, criminal prosecution for a given crime is not statute-barred.

**Barring criminal prosecution by the statute of limitations**
**Section 67**

(1) Criminality of an action shall extinguish by expiration of limitation period of:

a) twenty years at a crime where the special part of this law allows to impose exceptional sentence, and a crime committed in the course of making and approving privatization projects according to Act N. 92/1991 Coll. to regulate conditions of transfer of state property to other people as amended;
b) twelve years, if maximum sentence is at least ten year;
c) five years, if maximum sentence of imprisonment is at least three years;
d) three years at other criminal acts.

(2) Limitation period does not include:

a) time, in the course of which the perpetrator could not be brought before court for reasons of legal impediment;
b) time, in the course of which the perpetrator was abroad;
c) probationary period of the conditional discontinuance of criminal prosecution.

(3) Limitation of criminal investigation shall be interrupted:

a) by notification of the accusation of criminal offence, prosecution of which is concerned as well as following acts of the police, district attorney or court towards criminal prosecution of the perpetrator; or
b) if the perpetrator committed a new crime within the limitation period on which this law imposes the same or more rigorous punishment.

(4) By interrupting the limitation, a new limitation period shall start.

The suspect Mgr. Ján Kič should have committed a crime of embezzlement according to Section 248 paragraph 1,2 of the Criminal Code on 11 May, 2007, in Ždírec nad Doubravou, at the registered office of the firm Extruindustrie CR k.s., by taking over from Patrik Machnik, born on 12 July, 1966, the sum of money amounted 305,400

2

CZK, and by taking over from the same person, at the same place on 31 May, 2007, the sum amounted 180,000 CZK, determined for payments relating to Cessna 411 A crossing flight from the U.S. to the Czech Republic. However, Mgr. Ján Kič might only partially have used the obtained money for coverage the crossing flight payments, and the rest of mohey remained on him for his own nedds. By this he has caused Patrik Machnik damage of not exactly known amount.

For needs of further effective continuation of criminal procedure of the suspect Mgr. Ján Kič on the territory of the Czech Republic, I apply for execution of following acts in the criminal procedure:

1) To pursue necessary investigation in the company Pilotmech Aircraft Service inc., registered office 18730 NW 5 ST, Pembroke Pines, FL, 33029, focused on identification the persons of pilots staff who should have carried out the Cessna 411 A, registration number N 850 F, flight on May, 2007, from the territory of the U.S. to the territory of the Czech Republic (one of the pilots should be Mr Augustin Maiz). Then I apply for interviewing the identified pilots as witnesses, and for their answers to the following questions:

   a) Who paid them and when, what payments they were paid – it is concerned with the payments before taking off the aircraft from the U.S., then during the flight or stopover, and further payments after the arrival to Germany, after the arrival to Bratislava etc. Let them to substantiate these payments with due documents, if any;
   b) Where are now found the aircraft manuals (propeller manual, engines manuals, aircraft fuselage manual etc.), and the reason of their present placement;
   c) Why the aircraft did not reach its destination and the cause of its disorder;
   d) Who paid for spare parts necessary for aircraft repair;
   e) How much money they got from Ján Kič and what for, whether he owns them some money and how much. If Ján Kič owns the pilots some money, let them say the reason for debt, if they feel injured, possibly if they join criminal procedure and for what amount.

2) To pursue investigation towards identification the present and former owner of the aircraft Cessna 411 A, registration number N 850. According to the findings of investigative, prosecuting and adjudicating bodies of the Czech Republic, the subject aircraft is registered with the company CESSNA 411 A TRUSTEE, registered office 2711 Centerville Rd Ste 400, Wilmington, Delaware. To find out, if possible, who acts on behalf of the above mentioned company, to provide copies of contracts to sell and transfer the tittle to this aircraft, and to find out the relationship of a person Billy J. Morgan, resident at 2317 N. Lakeview Ct, Stillwaret OK, to this aircraft.

3) To pursue investigation in courts having local jurisdiction and jurisdiction in rem (probably Palm Beach) if temporary restraining order is not imposed on the aircraft Cessna 411 A, registration number N 850 F, concerning property blockage or other restriction of the right of disposition (so called lean). If so, what is the reason for it.

To substantiate the above mentioned findings with the copies of relevant documents. For better orientation in the case, I am sending a part of the files, namely interviews of witnesses Patrik Machnik, Stenley Zak and Ján Kič.

In reference to paragraph 5 of the cited Treaty, I apply for examined persons to be instructed in harmony with the Criminal Procedure Act of the Czech Republic (see below). I apply for this fact to be stated at the beginning of their testimony.

Provision Section 100 of the Criminal Procedure Act of the Czech Republic:

### Right to refuse testimony
### Section 100

(1) Right to refuse testimony as a witness has a relative of an accused person in direct line of descent, his sibling, adoptive parent, adoptive child, husband, partner and cohabitant, if there are more accused persons and a witness has the mentioned relation only to some of them, he only has right to refuse testimony towards the other accused, if the testimony relating to them is not possible to separate from testimony relating to the accused, the witness is related to by this relation.
(2) Witness has right to refuse testimony, if danger of criminal prosecution would be caused by testimony to him, to his relative in direct line of descent, to his sibling, adoptive parent, adoptive child, husband, partner or cohabitant or to other persons related by blood or marriage. Witness would rightly feel their damage as his own.
(3) However, testimony cannot be refused by such a witness who has duty to inform of a crime according to the Criminal Code.

Provision Section 101 of the Criminal Procedure Act of the Czech Republic:

### Examination of witness
### Section 101

(1) Before examination, the identity of witness shall be determined, his relation to an accused person, his instruction towards his right to refuse testimony, if necessary towards prohibition of examination or possibility of using course according to Section 55 paragraph 2, as well as his duty to tell the truth and disclose everything. Further his instruction towards importance of testimony in respect of general interest and consequences of false testimony. The witness under fifteen shall be instructed adequately to his age.
(2) At the beginning of examination, the witness shall be questioned about his relation towards the considered case and the parties, if need be towards factors important for finding his credibility. Witness shall be given the possibility to explain in continuous manner what he knows of the subject of examination, and the source of given circumstances by him.
(3) Witness can be asked for supplemental testimony or to remove incomplete and unclear facts and variances. Witness shall not be asked questions containing circumstances that are only to be found out upon his testimony.
(4) If required, an order can be given to a witness to write a needed number of words for ascertainment of authenticity of handwriting.

Provision Section 174 of the Criminal Procedure Act of the Czech Republic:

**False accusation**
**Section 174**

(1) Every one who falsely accuses any person of crime with the intent to bring on the criminal prosecution of that person, shall be liable to imprisonment for a term not exceeding two years.
(2) Imprisonment from three to eight years shall be imposed upon the perpetrator who causes significant damage or other extremely serious effect by a crime as provided in clause 1.

Provision Section 175 of the Criminal Code of the Czech Republic:

**False testimony and false expert opinion**
**Section 175**

(1) Imprisonment for a term not exceeding two years or prohibition to undertake professional activities or financial punishment shall be imposed upon every one who shall as an expert draw up a false, grossly obscured or incomplete expert opinion.
(2) Imprisonment from six months to three years or financial punishment shall be imposed upon every one who, as a witness or expert before court, district attorney or police officer that carry out pre-trial proceeding according to Criminal Procedure Act or before investigatory board of Chamber of Deputies of the Parliament,
a)   gives false testimony on a fact with substantial impact for decision making or finding of investigatory board of Chamber of Deputies of the Parliament, or
b)   conceals such a fact
(3) Imprisonment from two years to ten years shall be imposed upon the perpetrator who causes significant damage or other serious effect by a crime as provided in paragraph 1,2.

**The injured**
**The right of an unjured person and claim the damages**
**Section 43**

1) Every person who was bodily harmed, damaged to property, moral or otherwise by a crime(the injured), is entitled to make motion for additional evidence, to inspect the documents, to participate in the trial and public hearing on appelate procedure, and to express his opinion on the case before closing the proceeding.
2) Every person who admittedly feels moral or other harm by a crime but incurred damage is not caused by fault on the side of perpetrator or its inccurence is not causally related to the crime, is not considered to be the injured.
3) The injured who against the accused according to the law claims damages that was caused to him by a crime, is entitled to move the Court to impose in judgment of conviction a duty upon the accused to pay the damages. The motion has to be made at the trial before the beginning of evidence proceeding at the latest. The motion must clearly state reasons and amount of damages claimed.
4) The injured is also allowed, in express statement to investigative, prosecuting and adjudicating bodies, to waive procedural rights that are granted to him as the injured by the law.

We kindly apply for sending the result of requested investigation and records of interviews in double execution to the address:

**Okresní státní zastupitelství**
**Štáflova ulice 2003**
**580 01 Havlíčkův Brod**
**Česká republika**

I thank you for your cooperation          District attorney
I remain Yours faithfully                 Mgr. Zdeňka Tománková

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST            )
FROM THE CZECH REPUBLIC            )
IN THE MATTER OF                   )    Misc No. 08-
JAN KIC                            )
                             ORDER

      Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Czech authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;.

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2008.

_____
United States District Court Judge